GOLDIE V. LEACH, Plaintiff v. MONUMENTAL LIFE INSURANCE COMPANY, Defendant

No. 9427SC555

(Filed 4 April 1995)

**Insurance § 353 (NCI4th)— accidental death policy—definition of children—grandchild included**

The term "children" as used in defendant's accidental death insurance policy issued to plaintiff includes her grandchild who was in her custody pursuant to a court order, was primarily dependent on plaintiff for his support and maintenance, and lived in a parent-child relationship with plaintiff.

**Am Jur 2d, Insurance §§ 559 et seq.**

Judge Lewis dissenting.

Appeal by plaintiff from judgment entered 5 April 1994 in Cleveland County Superior Court by Judge Robert P. Johnston. Heard in the Court of Appeals 22 February 1995.

*Corry, Cerwin & Luptak, by Todd R. Cerwin, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by F. Lane Williamson, for defendant-appellee.*

**LEACH v. MONUMENTAL LIFE INS. CO.**

[118 N.C. App. 434 (1995)]

GREENE, Judge.

Goldie V. Leach (plaintiff) appeals from a judgment entered 5 April 1994 in Cleveland County Superior Court, granting Monumental Life Insurance Company's (defendant) motion for judgment on the pleadings in plaintiff's declaratory judgment action.

Plaintiff is the maternal grandmother of Corey Demetrius Leach (Corey), born 28 March 1978 to plaintiff's natural daughter, Donna Leach Gingles, and Christopher Johnson. Corey's natural mother died on 10 September 1991. Prior to that date, Corey resided exclusively with plaintiff. On 3 October 1991, plaintiff filed a civil action seeking legal custody of Corey. On 8 November 1991, a consent judgment as to child custody was entered, awarding plaintiff the primary care, custody, control and supervision of Corey.

Defendant issued plaintiff a life insurance policy effective 10 April 1992, insuring plaintiff and her family against accidental death in the principal sum of $25,000.00. Plaintiff listed Corey on the enrollment form, submitted in March of 1992 to defendant, as an additional child to be insured under the family plan. The Dependent Coverage Rider provision of plaintiff's policy with defendant provides in pertinent part:

> Persons . . . covered under this policy are you and your Dependents [named in the application for this policy or added at a later date on forms provided by us]. Dependent means your spouse . . . your unmarried children under age 19; or under age 23, if enrolled as a full-time student . . . and children whose support is required by a court decree.

> Children **include** natural children, stepchildren and legally adopted children. **They must be primarily dependent on you for support and maintenance and must live in a parent-child relationship with you.** [Emphasis added.]

On 9 September 1992, Corey was accidentally killed by a gunshot wound. Plaintiff submitted a claim for benefits for Corey's death under her accidental death insurance policy issued to her by defendant. By letter dated 21 October 1992, defendant denied plaintiff's claim and refused to provide benefits because "grandchildren are not considered as eligible dependents under the terms of this policy." On 15 December 1993, plaintiff filed an action for declaratory judgment in Cleveland County Superior Court, requesting the court to enter an order "that determines Corey D. Leach to be a dependent of [plaintiff]

within the meaning of the described insurance policy." On 26 January 1994, defendant served its answer stating that Corey is not a dependent within the meaning of the policy and further making a motion for judgment on the pleadings pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure.

On 9 February 1994, plaintiff made a motion to amend her complaint. The parties entered a stipulation allowing plaintiff to amend her complaint to state that Corey was "at all relevant times primarily dependent" upon plaintiff "for his support and maintenance, including the date of the Application and his date of death" and that Corey "lived in a parent-child relationship with [plaintiff] at all relevant times, including both the date of Application through and including his date of death." After a hearing on defendant's motion for judgment on the pleadings, the trial court entered an order on 5 April 1994, granting defendant's motion because "as a matter of law, there is no insurance coverage under the insurance policy issued by the defendant for the death of Corey D. Leach, as alleged by the plaintiff in this action for declaratory judgment."

---

The issue presented is whether the term "children" as used in defendant's accidental death insurance policy issued to plaintiff includes her grandchild who was in her custody pursuant to a court order, was primarily dependent on plaintiff for his support and maintenance, and lived in a parent-child relationship with plaintiff.

A motion for judgment on the pleadings pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure is proper when all the material allegations of fact are resolved in the pleadings and only questions of law remain. *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). In this case, the material facts are undisputed and the only question remaining, which is the meaning of the language in the insurance policy, is a question of law, *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970); therefore, a Rule 12(c) motion is proper.

Defendant argues that because the policy defines children by stating "[c]hildren include natural children, stepchildren and legally adopted children," "[a]s a grandchild, Corey D. Leach was by definition not within the class of persons" who could be covered under the terms of the policy. We disagree.

The definition used by defendant in the insurance policy in this case to define "children" is not ambiguous, and we must therefore

## LEACH v. MONUMENTAL LIFE INS. CO.

[118 N.C. App. 434 (1995)]

"enforce the contract as the parties have made it." *Id.* The word "include" implies an incomplete listing and "is used most appropriately before an incomplete list of components," *The American Heritage Dictionary* 651 (2d ed. 1982), and is "ordinarily a word of enlargement and not of limitation." *Turnpike Auth. v. Pine Island,* 265 N.C. 109, 120, 143 S.E.2d 319, 327 (1965) (use of word "including" in statutory delegation of authority does not necessarily restrict it to matters enumerated in the inclusion). Therefore, by using the word include, defendant has unambiguously stated that "children" is not limited to "natural children, stepchildren and legally adopted children" so long as the "child" is "primarily dependent on [the policyholder] for support and maintenance" and lives "in a parent-child relationship" with the policyholder. In this case, Corey was "at all relevant times primarily dependent" upon plaintiff for his "support and maintenance" and "lived in a parent-child relationship with [plaintiff] at all relevant times," facts to which the parties stipulated, and plaintiff listed Corey on the enrollment form to the policy. Therefore, the term "children" in defendant's insurance policy issued to plaintiff provides coverage for the accidental death of Corey, plaintiff's grandchild. For these reasons, the decision of the trial court is

Reversed and remanded.

Judge COZORT concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I respectfully dissent. The majority's reliance on language in *Turnpike* is misplaced. *Turnpike* dealt with construction of a statute, not an insurance policy. *See Turnpike,* 265 N.C. at 120, 143 S.E.2d at 327. It has no application in this context.

The majority also cites *Wachovia Bank,* a case dealing with the construction of terms in an insurance policy. However, the majority fails to follow language in *Wachovia Bank* in which our Supreme Court set forth the proper method of construing a definition in an insurance policy. The Court stated:

When the policy contains a definition of a term used in it, this is the meaning which must be given to that term wherever it

appears in the policy, unless the context clearly requires otherwise.

*Wachovia Bank*, 276 N.C. at 354, 172 S.E.2d at 522.

Plaintiff's policy unambiguously defines "children" to include natural children, stepchildren and legally adopted children. Thus, we must uphold this definition as that intended by the parties. Since the definition of "children" is unambiguous, it is not our role to "remake the contract and impose liability upon the company which it did not assume and for which the policyholder did not pay." *See Id.*

The majority's construction elevates the policy language on dependency over the actual definition of "children." Yet, this dependency language, requiring that the children "be primarily dependent" on the policyholder "for support and maintenance" and that the child and policyholder "live in a parent-child relationship" operates as a limitation on which children are covered. As such, it should not be used to expand coverage to include any dependent minor.

The majority's approach would remake the contract and bestow coverage on any dependent minor including foster children, grandchildren, great-grandchildren, and minors who are no kin at all, so long as they are the children of someone. This result goes far beyond the contract made between the parties.

The order granting judgment on the pleadings to defendant should be affirmed.